UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JONATHAN G. PIERCE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 24-035-DCR |
| ) | |
| V. ) | |
| ) | |
| MARTIN O'MALLEY, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on Plaintiff Jonathan Pierce's Complaint seeking judicial review of the Commissioner of Social Security's final decision denying his application for disability insurance benefits pursuant to 42 U.S.C. § 405(g). [Record No. 1] Having carefully reviewed this matter, the undersigned concludes that the Commissioner's decision is properly supported by substantial evidence and will be affirmed.

### I. Background

On September 21, 2021, Pierce filed an application for disability insurance benefits (the "Application") under Title II of the Social Security Act. [*See* Record No. 5, p. 196.] Pierce alleges in the Application that he has been disabled since August 21, 2020, due to multiple severe impairments including Crohn's disease/ulcerative colitis, chronic nausea and GERD, COPD, herniated discs (lumbar region) and arthritis, adrenal insufficiency, chronic fatigue, anxiety/depression, PTSD from lung infection/sepsis/lactic acidosis, anemia, and hypertension. [*Id.* at 81] Pierce was gainfully employed as a chemical laboratory technician prior to his alleged disability. [*Id.* at 46]

The Application was denied initially and on reconsideration. [*Id.* at 80, 88] Following an administrative hearing, Administrative Law Judge Robert B. Bowling (the "ALJ") issued a decision concluding that Pierce was not disabled under the Social Security Act. [*Id.* at 34–47] The Appeals Council denied Pierce's request for review, rendering the ALJ's decision the final decision of the Commissioner. [*See id.* at 6.] Pierce filed a timely Complaint in this Court seeking judicial review and the parties' Briefs have been submitted, consistent with General Order 22-15. [*See* Record Nos. 8, 10, 11.]

## II. Legal Standard

Judicial review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court defers to the Commissioner's findings if they are supported by substantial evidence, even if it might have reached a different conclusion. *See Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996).

## III. Analysis

Pierce argues that the ALJ failed to adequately evaluate the opinion of Dr. Robert Genthner, the consultative examining psychologist. [Record No. 8] He contends that the ALJ's rejection of Dr. Genthner's opinion was not adequately explained and did not comply with the requirements of 20 C.F.R. § 404.1520c(b)(2), which mandates that the ALJ articulate how he considered the supportability and consistency factors. Pierce also asserts that the ALJ's failure to properly consider Dr. Genthner's opinion resulted in a residual functional capacity[1] ("RFC")

---

[1] The residual functional capacity "is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain,

that is not supported by substantial evidence. The Commissioner refutes the assertion, arguing that the ALJ appropriately considered Dr. Genthner's opinion and adequately discussed his reasoning for rejecting it.

Supportability and consistency are the most important factors an ALJ considers when determining the persuasiveness of a medical source's medical opinions and prior administrative medical findings. 20 C.F.R. § 404.1520c(b)(2). When assessing the supportability of a medical opinion, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source . . . the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). Consistency is evaluated with the understanding that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

### A. Supportability

The ALJ's reasoning regarding the supportability of Dr. Genthner's opinion was sufficient. He found Dr. Genthner's opinion unpersuasive, stating that it appeared "overly reliant" on Pierce's subjective reporting and was inconsistent with other objective findings. [Record No. 5, p. 45]; *see Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 378 (6th Cir. 2013) (noting that a reliance on subjective claims rather than objective clinical data is a justifiable reason for an ALJ to place less weight on a medical opinion). But Pierce contends that "reliance on subjective reports in the context of a mental examination is essential." [Record

---

may cause physical or mental limitations or restrictions that may affect their capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996).

No. 8, p. 8] (citing *James v. Liberty Life Assur. Co. of Bos.*, 582 F. App'x 581, 589 (6th Cir. 2014)). While true, clinicians rely on subjective descriptions "to evaluate and diagnose," not merely to adopt subjective claims as established fact.[2] *James*, 582 F. App'x at 588. The ALJ's objection to Dr. Genthner's opinion lies at the very heart of a clinician's obligation to evaluate a patient's subjective reporting considering the objective evidence available. The ALJ concluded that Dr. Genthner's opinion contradicted the objective data available in the record and that he placed too much weight on Pierce's subjective assertions.

For example, Dr. Genthner's opinion concludes that "[s]imple changes in routine may at times be overwhelming or debilitating" for Pierce, that his "capacity to relate to employers and coworkers is mild to moderately limited" as is his "[c]apacity to work with others without being distracted or overwhelmed," and that the claimaint's "capacity to tolerate stress and pressure associated with day-to-day work activity is moderately to markedly limited." [Record No. 5, p. 792–93] However, as the ALJ pointed out, "the record reflects no history of specialized mental health treatment, psychiatric hospitalization, significant decompensation, or advanced psychological symptoms . . . [p]rimary care records generally show good control and stability of anxiety . . . [and] psychiatric and mental status findings on clinical exams consistently are normal." [*Id.* at 45] The ALJ also noted that Dr. Genthner's own objective observations did not support the severe restrictions assessed. [*Id.*] In total, the ALJ cited more than a dozen exhibits to support his rejection of Dr. Genthner's opinion. Regardless of whether the undersigned agrees with the ultimate conclusions reached, the ALJ's findings were properly supported.

---

[2] A clinician must assess the subjective reports alongside objective observations as part of an evaluation to ensure a proper diagnosis and rule out malingering.

## B. Consistency

The ALJ also was reasonable in concluding that Dr. Genthner's opinion was inconsistent with objective clinical observations, past medical findings, and prior subjective claims made by Pierce and his wife. For example, Dr. Genthner concluded that Pierce "may have some difficult with authority." [*Id.* at 793] And while this opinion was purportedly based "on history and presentation," the record appears to contradict that opinion. Both Pierce and his wife refute this assertion in prior assessments, each describing Pierce as well able to get along with authority figures. [*See id.* at 261, 288.] Pierce also reports that he has never been fired or laid off from a job because of problems getting along with others. [*Id.* at 261] In fact, Dr. Genthner's commentary on "Social Functioning" similarly remarks that Pierce "always has maintained good relationships with his neighbors and co-workers." [*Id.* at 791] Despite this, Dr. Genthner's opinion concludes that Pierce's "capacity to relate to employers and coworkers is mild to moderately limited based on history and presentation." [*Id.* at 792] The ALJ's conclusion provides an adequate explanation of how other evidence in the record, objective and subjective, contradicts Dr. Genthner's opinion and renders it unpersuasive.

Pierce asserts that the ALJ's explanation of consistency was limited to the conclusory statement that Dr. Genthner's described limitations "overstate the objective record." [*Id.* at 45] While the ALJ did not provide a detailed "source-level articulation" of the contradictory findings, he nonetheless adequately highlighted the portions of the record that contradicted Dr. Genthner's opinion. The ALJ is required to "explain how [he] considered the supportability and consistency factors," 20 C.F.R. § 404.1520c(b)(2), and as Pierce acknowledges, "the measuring stick for an 'adequate discussion' is whether the ALJ's persuasiveness explanation enables the court to undertake a meaningful review of his finding regarding whether the

particular medical opinion was supported by substantial evidence," *Eckert v. O'Malley*, No. 22-CV-316, 2024 WL 841765, at *5 (E.D. Ky. Feb. 28, 2024) (citing *Terhune v. Kijakazi*, No. 21-CV-37, 2022 WL 2910002, at *3 (E.D. Ky. July 22, 2022)).  In summary, the ALJ engaged in adequate discussion thus enabling the undersigned to conclude that his determination was properly supported.

### C. Substantial Evidence

Substantial evidence is "more than a mere scintilla" and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); 20 C.F.R. § 404.901.  Pierce claims that the omission of Dr. Genthner's restrictions resulted in an RFC that is not supported by substantial evidence.  However, the undersigned disagrees.  [Record No. 8, p. 12] The ALJ concluded that Dr. Genthner's opinion was unpersuasive after identifying flaws with its supportability and consistency.  But Pierce's resulting RFC was still predicated upon "careful consideration of the entire record," with an emphasis on the objective medical evidence.  [Record No. 5, p. 39] Omitting Dr. Genthner's conclusions did not negate the fact that the ALJ's decision was appropriately based upon substantial evidence.

### IV.  Conclusion

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Plaintiff Pierce's Brief, docketed as a motion to vacate the ALJ's decision and remand for further proceedings [Record No. 8] is **DENIED**.  The final decision of the Commissioner is **AFFIRMED** and Judgment shall be entered in his favor.

Dated: July 25, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky